UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE L. MCRAE,                    :

    Petitioner                           :      CIVIL ACTION NO. 3:19-1070

    v.                                       :              (JUDGE MANNION)

DAVID EBBERT, Warden,           :

    Respondent                         :

**MEMORANDUM**

Petitioner, Andre McRae ("Petitioner"), an inmate currently confined in the United States Penitentiary, Tucson, Arizona,[1] filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his 2008 firearms conviction and sentence entered in the United States District Court for the Western District of North Carolina. (Doc. 1). For relief, McRae seeks to have his sentence vacated pursuant to the First Step Act of 2018. Id. Following an order to show cause, (Doc. 9), Respondent filed a response on August 21, 2019. (Doc. 12). A traverse was filed on January 13, 2020. (Doc. 14). Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

---

[1] At the time of the filing of his petition, McRae was confined in the United States Penitentiary, Lewisburg, Pennsylvania. (Doc. 1).

I. **Background**

The following factual background has been set forth by the United States Court of Appeals for the Fourth Circuit in their July 6, 2009 Opinion affirming Petitioner's conviction and sentence on appeal:

> On June 29, 2004, a federal grand jury sitting in the United States District Court for the Western District of North Carolina indicted McRae on eight counts. Count One charged McRae with conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of crack, 21 U.S.C. §§ 841 and 846. Count One named Uncle and Trap, among others, as coconspirators, and alleged that the conspiracy began on or about January 1, 2004 and ended on or about May 17, 2004. Counts Two, Three, and Six charged McRae with possession with the intent to distribute five grams or more of crack, id. §841, relating to the crack recovered on April 16, May 17, and May 26, 2004. Counts Four and Seven charged McRae with possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. §924(c), relating to the firearm seizures on May 17 and May 26, 2004. Counts Five and Eight charged McRae with possession of a firearm by a convicted felon, id. §922(g), again relating to the firearm seizures on May 17 and May 26, 2004.

(Doc. 12-2 at 1, United States v. McRae, 336 F. App'x 301, 304, 2009 WL 1921477, *2 (4thCir. Jul.6, 2009)). A jury subsequently convicted McRae on all counts, and on December 11, 2007, he was sentenced to a total of 687 months imprisonment. Id. He received concurrent 327–month sentences on the conspiracy and the possession with the intent to distribute crack counts; two concurrent 120–month sentences on the §922(g) counts; and

consecutive sentences of sixty and 300 months on the §924(c) counts). Id.

On July 6, 2009, the United States Court of Appeals for the Fourth Circuit affirmed the district court. Id. On January 12, 2011, McRae filed a motion to vacate under 28 U.S.C. §2255, claiming ineffective assistance of counsel and requesting a sentence reduction based on the Fair Sentencing Act of 2010 (FSA). See United States v. McRae, No. 3:04-CR-0157 (W.D. of North Carolina) (Doc. 112). On January 14, 2011, he filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582. Id. at Doc. 113.

By Order dated September 6, 2012, Petitioner's motion to reduce sentence was found to be moot after McRae's counsel acknowledged McRae was ineligible for relief. See Id. (Text-Only Order dated 09/06/2012).

On August 30, 2013, the District court denied McRae's §2255 motion as to the FSA claim, concluding that McRae was ineligible for relief because he is a career offender. Id. at Doc. 118.

On January 27, 2014, the Fourth Circuit denied McRae's certificate of appealability and dismissed his appeal of the sentencing court's order. See (Doc. 12-2 at 8, United States v. McRae, 552 F. App'x 279 (4thCir. Jan. 27, 2014).

On December 4, 2015, a second §3582 motion for sentence reduction was denied "[b]ecause the defendant's offense level is based upon

classification as a Career Offender, there is no change in the guideline calculations and Amendment 782 is not applicable in this case." See United States v. McRae, No. 3:04-CR-0157 (W.D. of North Carolina) (Doc. 126).

On February 21, 2017, the Fourth Circuit denied a motion by McRae seeking authorization to file a second or successive petition for relief under §2255.  See Id. at Doc. 127.

On March 18, 2019, McRae filed a motion to reduce sentence based upon the First Step Act of 2018. See Id. at Docs. 128-131. On September 20, 2019, McRae filed a motion to add an additional supplemental attachment to his motion to reduce sentence. Id. at Doc. 132). Petitioner's motion to reduce sentence pursuant to the First Step Act of 2018 remains pending before the sentencing court. Id.

On June 24, 2019, McRae filed the instant habeas corpus petition under 28 U.S.C. §2241, claiming that pursuant to the changes implemented under the First Step Act of 2018, he is actually innocent of the sentence imposed on him for any "second or subsequent conviction under 924(c)." (Doc. 1).

## II. Discussion

### A. Section 2255

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. §2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant §2241 petition seeking to challenge the legality of his sentence. A petitioner may only resort to a §2241 petition in the unusual situation where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

"Our Circuit permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that

- 5 -

'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under §2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial §2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Additionally, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. Section 2241 is not available for intervening changes in the law of sentencing. Okereke, 307 F.3d at 120. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section

- 6 -

2241 offers no remedy. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (holding that an Alleyne[2] claim cannot be raised in a §2241 petition); Upshaw v. Warden Lewisburg USP, 634 Fed. App'x. 357 (3d Cir. 2016) (finding claims of sentencing error asserted under Alleyne, 133 S.Ct. 2151, and Burrage v. United States, 134 S.Ct. 881 (2014), could not be raised via §2241 even though these claims were previously foreclosed by circuit precedent).

Petitioner has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review, but rather he alleges an error in sentencing. As such, any reliance on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), a Fourth Circuit court case that is not binding on this Court is misplaced. Under Bruce, only an intervening Supreme Court decision can be used to establish jurisdiction under §2241. Bruce at 868 F.3d at 180-81(applying Third Circuit precedent in determining whether a §2241 habeas can be entertained); Brown v. Sage, 2018 WL 4265705, at *3-5 (3d Cir. Sept. 7, 2018) ("As we

---

[2] Alleyne v. United States, 133 S.Ct. 2151 (2013). "In Alleyne, 133 S.Ct. 2151, the Supreme Court mirrored its opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and held that '[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.' Alleyne, 133 S.Ct. at 2155 (citation omitted)." Gardner, 845 F.3d at 101.

have often explained, panels of our Court are bound by the precedent of prior panels, as are the district courts in our Circuit."); Valspar Corp. v. E.I. Du Pont Nemours and Co., 873 F.3d 185, 203 (3d Cir. 2017) (explaining that the district court was bound by Third Circuit precedent). Third Circuit law accordingly governs whether this Court has jurisdiction to entertain McRae's §2241 petition.

While the Fourth Circuit has held that a sentencing claim can be raised in a §2241 petition under the savings clause, Wheeler, 886 F.3d at 429-34,4 the Third Circuit has not. Gardner, 845 F.3d at 102-103; Upshaw, 634 Fed. App'x. at 358-59; see also United States v. Wheeler, 2018 WL 2947929, at 1.n.1 (4th Cir. June 11, 2018) (statement of Judge Agee, in denial of petition for rehearing *en banc*, observing that the Third Circuit has only adopted a saving clause analysis in the context of actual innocence of the offense of conviction).

As result, McRae's §2241 petition will be dismissed for lack of jurisdiction. Id.

B. **First Step Act of 2018**

McRae asserts that he is actually innocent of his sentence because the First Step Act of 2018 has since reduced the applicable penalty for his offense of conviction. Among other things, the First Step Act amended the

- 8 -

language of 18 U.S.C. §924(c)(1)(C) by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018 §403(a), Pub. L. 115-391, 132 Stat. 5194, 5221-22 (2018). Under the old version of the statute, applicable at the time of McRae's conviction and sentence, multiple §924(c) convictions stemming from the same indictment could be stacked for purposes of qualifying a defendant as a "second or subsequent" violator and subjecting him to a higher mandatory minimum penalty. McRae contends that this change in the law entitled him to relief.

McRae's argument fails for two reasons. First, §403(a) does not apply retroactively to McRae's sentence. As the Court of Appeals for the Third Circuit recently held:

> In general, "a new criminal statute that 'repeal[s]' an older criminal statute shall not change the penalties 'incurred' under that older statute 'unless the repealing Act shall so expressly provide'." Dorsey v. United States, 567 U.S. 260, 272, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) (quoting 1 U.S.C. §109). Section 403 of the First Step Act does not expressly state that it applies to those, like Meehan, who were sentenced before its effective date, December 21, 2018. To the contrary, the Act specifies that §403(a), "and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, §403(b). Therefore, §403(a), by its plain terms, does

- 9 -

>not apply retroactively to Meehan, who had already been sentenced when the First Step Act was enacted.

United States v. Meehan, 798 Fed. Appx. 739, 740 (3d Cir. 2020).[3]

Secondly, even if McRae could seek relief by way of the First Step Act, he has made no attempt to meet his burden of demonstrating that a motion under §2255 is inadequate or ineffective to challenge the legality of his detention. As noted above, sentencing claims "[do] not fall within the purview of the [Dorsainvil] savings clause." Adderly v. Zickefoose, 459 Fed. Appx. 73, 75 (3d Cir. 2012). Therefore, Petitioner may not rely upon §2241 to raise his claim that he is actually innocent of his sentence. See, e.g., Murray v. Warden Fairton FCI, 710 Fed. Appx. 518, 520 (3d Cir. 2018) ("We have not held that innocence-of-the-sentence claims fall within the exception to the

---

[3] McRae disputes this conclusion, arguing that the word "clarification" in the heading of §403 of the First Step Act suggests that Congress always meant for Section 924(c) to apply only to final offenses, rendering the amendment retroactive. The Third Circuit rejected this precise argument, noting that "we do not consider an enacting body's description of an amendment as a 'clarification' of the pre-amendment law to necessarily be relevant to the judicial analysis." Meehan, 798 Fed. Appx. at 741 (quoting Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 507 (3d Cir. 2008)). See also Merit Mgmt. Grp., LP v. FTI Consulting, ––– U.S. –––, 138 S. Ct. 883, 893, 200 L.Ed.2d 183 (2018) (stating that "section headings cannot limit the plain meaning of a statutory text"). Rather, "because Congress made clear in §403(b) that §403(a) of the First Step Act applies only to defendants who had not been sentenced as of the date of enactment, the use of the term "clarification" in §403's heading is not relevant to the retroactivity determination." Id.

rule that habeas claims must be brought in § 2255 motions."); Jackson v. Warden of Facility USP-Allenwood, 2020 WL 473411, at *3 (M.D. Pa. Jan. 29, 2020) (dismissing inmate's §2241 petition raising claim for relief under the First Step Act for lack of jurisdiction); Johnson v. White, 2020 WL 416849, at *2 (M.D. Pa. Jan. 27, 2020) (same); Gordon v. United States, 2019 WL 5864492, at *3-4 (M.D. Pa. Nov. 8, 2019) (same). Thus, the Court should dismiss McRae's First Step Act claim for lack of jurisdiction as well.

Finally, the Court notes that McRae currently has a motion to reduce his sentence based upon the First Step Act of 2018, pending before the sentencing court. Thus, the Court will dismiss McRae's First Step Act claim for lack of jurisdiction as well.

### III. Conclusion

For the foregoing reasons, McRae's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

*s/ Malachy E. Mannion*
 MALACHY E. MANNION
 United States District Judge

**DATE: December 30, 2020**
19-1070-01